## RIEBEL v HUNT

Ohio Appeals, 2nd Dist, Franklin Co

No 2221.  Decided Nov 15, 1932

Brown & Buffington for plaintiff in error.
Paul M. Ashbaugh, Columbus, for defendant in error.

KUNKLE, J.

Counsel for plaintiff in error in their brief claim prejudicial error in two respects.

It appears that in the Municipal Court plaintiff in error moved the court to dismiss the proceeding because the name of the plaintiff below is not a proper name and the name of the defendant below is not a proper name and not a proper plaintiff or defendant. Both the plaintiff and the defendant in the lower court were named by their initials instead of their christian names.

This motion of plaintiff in error was overruled by the Municipal Court.

After the motion was overruled, the defendant in the lower court filed an answer and the case proceeded to trial and judgment.

Suing by initials instead of by the christian name of the parties is not approved practice and we do not want to be understood as approving such practice, but in the state of the record where the defendant below after his motion was overruled took leave to and did file an answer and proceed to the trial of the case upon its merits, we do not think that prejudicial error resulted from the overruling of the motion of defendant below.

The second complaint of plaintiff in error is that the Court of Common Pleas erred in dismissing the case because of the failure of plaintiff in error to file a bill of exceptions.

No bill of exceptions was filed. Counsel for plaintiff in error insist that a bill of exceptions is not necessary, as the case was tried in the Municipal Court upon an agreed statement of facts.

We think the Court of Common Pleas was correct in holding that there was nothing presented to such court for review. Where a case is submitted upon an agreed statement of facts as distinguished from the testimony of witnesses, it is true that such case may be reviewed in the absence of a bill of exceptions provided such agreed statement of facts is made a part of the journal entry of the court.

We have examined the transcript of the docket and journal entries of the Municipal Court and find nothing therein which would have justified the Court of Common Pleas in saying what facts had been agreed upon by counsel in the Municipal Court. A reviewing court cannot review a proceeding of the lower court until it is advised by a signed bill of exceptions or by duly certified journal entries of what was passed upon by the lower court.

The transcript of the docket and journal entries of the Municipal Court contains the following: "Case called and upon an agreed statement of facts, the court finds that at the commencement of this action the right of possession was in plaintiff to the goods and chattels described in the petition and assesses damages at     ."

This journal entry advised the Court of Common Pleas of the fact that the case had been submitted to the Municipal Court upon an agreed statement of facts, but did not advise the Court of Common Pleas as to the nature of such facts and therefore the Court of Common Pleas could not say whether the finding of the Municipal Court was or was not warranted by the facts.

We do find among the papers in this case a brief of counsel for plaintiff in error which was filed in the Municipal Court. This brief purports to set forth an agreed statement of facts. The brief of counsel, of course, forms no part of the real papers in the case and in the absence of a bill of exceptions signed by the trial court setting forth a correct copy of the agreed statement of facts which was submitted to the trial court, or in the absence of a journal entry approved by the trial court containing a copy of such agreed statement of facts, the Common Pleas Court would be without authority to review the judgment of the Municipal Court.

We have considered all the grounds of error claimed by counsel for plaintiff in error, but finding no error in the record which we consider prejudicial to plaintiff in error, the judgment of the Court of Common Pleas will be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.